**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 10 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> PAULA ANTHONY, <br><br> Defendant-Appellant. | No.  17-10326 <br>  17-10405 <br><br> D.C. No. <br> 2:16-cr-00083-DLR-1 <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted December 17, 2018
San Francisco, California

Before:  GILMAN,[**] PAEZ, and OWENS, Circuit Judges.

Paula Anthony appeals from her jury conviction and sentence for conspiracy

to defraud the United States (18 U.S.C. § 371), mail fraud (18 U.S.C. § 1341),

aggravated identity theft (18 U.S.C. § 1028A), and conspiracy to commit money

laundering (18 U.S.C. § 1956(h)).  As the parties are familiar with the facts, we do

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

not recount them here.  We affirm in part, vacate in part, and remand.

1.  Anthony argues, for the first time on appeal, that two jury instructions constructively amended the indictment.  We conclude that there was no plain error. *See United States v. Ward*, 747 F.3d 1184, 1188 (9th Cir. 2014).

Regarding Count 1, there was no constructive amendment because the instruction required the jury to find all the elements of conspiracy to defraud the United States, such a conspiracy being in violation of 18 U.S.C. § 371.  *See United States v. Rodman*, 776 F.3d 638, 642 (9th Cir. 2015) (setting forth elements of conspiracy to defraud).

Regarding Count 14, conspiracy to commit money laundering, the government concedes that the instruction was overbroad because it erroneously included avoiding transaction reporting requirements under State or Federal law. *See* 18 U.S.C. § 1956(a)(1)(B)(ii).  However, Anthony was not prejudiced because there was no evidence or argument at trial about statutory transaction reporting requirements or Anthony's conduct to avoid them, and therefore the jury could not have convicted her for uncharged conduct.  *See Ward*, 747 F.3d at 1191 (noting that "[t]his Court has rejected constructive amendment claims when jury instructions diverge materially from the indictment, but when no evidence was introduced at trial that would enable the jury to convict the defendant for conduct with which he was not charged").

2

2.  Anthony also argues that the district court's forfeiture order is improperly based on joint and several liability in light of the Supreme Court's intervening decision in *Honeycutt v. United States*, 137 S. Ct. 1626 (2017).  We need not resolve whether *Honeycutt* extends to forfeiture under 18 U.S.C. § 981(a)(1)(C)—the forfeiture statute at issue here—because the forfeiture order is consistent with *Honeycutt* regardless.  Under *Honeycutt*, Anthony personally "possess[ed]," "acquired[,] or used" the $312,678 in fraudulent tax refunds, which were directly connected to her "participation in the crime."  *Id*. at 1632-33.  Among other things, the checks were made payable to Anthony at her addresses, and she deposited the checks in her own bank accounts.

3.  Finally, the parties agree that a limited remand is appropriate for Anthony's supervised release condition concerning communicating or interacting with convicted felons.  For the first time on appeal, Anthony challenges this condition because her son is a felon.  We remand so that the district court may either modify this condition or make further factual findings.  *See United States v. Wolf Child*, 699 F.3d 1082, 1087 (9th Cir. 2012).

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**.

3